IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON B. HUGHES, | ) |
| | ) |
|           **Petitioner** | ) |
| | ) |
| vs. | )   Case No. CIV-04-1667-M |
| | ) |
| WARDEN BECK, | ) |
| | ) |
|           **Respondent** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. A response to the petition has been filed, as well as a reply,[1] and thus the case is at issue. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the petition be denied.

By this action, Petitioner challenges his convictions pursuant to his pleas of guilty in five cases from the District Court of Garfield County.[2] In Case No. CF-2003-307, Petitioner pleaded guilty to assault and battery with a dangerous weapon, and was sentenced to eight years imprisonment. In CF-2003-138, Petitioner entered a plea of guilty to possession of a controlled dangerous substance and public intoxication; he was

---

[1] Petitioner's reply is entitled "Objection to Respondent's Answer and Motion to Overrule."[Doc. No. 12]. It will be referred to as "Petitioner's Reply" herein.

[2] The facts regarding Petitioner's convictions and sentences are taken from the Order Affirming Denial of Post-Conviction Relief, Case No. PC-2004-1044, Oklahoma Court of Criminal Appeals (Oct. 29, 2004) (attached to Petition and as Ex. 4 to Relevant State Court Records).

sentenced to eight years imprisonment on the first charge, and thirty days incarceration on the second.  In CM-2002-723, Petitioner pleaded guilty to driving under the influence of alcohol, driving with a suspended license, resisting an officer, and escape from arrest or detention, and was sentenced to one year incarceration on all four charges.  In CF-2000-295, Petitioner entered a plea of guilty to second degree burglary of an automobile, second degree burglary, and second degree burglary, all after acceleration of previous deferred sentencing and probation; Petitioner was sentenced to seven years imprisonment on each charge.  In CF-2000-75, Petitioner pleaded guilty to assault with a dangerous weapon, knowingly concealing stolen property, and knowingly concealing stolen property, all after acceleration of previous deferred sentencing and probation; Petitioner was sentenced to eight years imprisonment on the first charge, and five years imprisonment on each of the second two. All sentences were ordered to be served concurrently with one another. Petitioner did not file a direct appeal. Petition, p. 2. However, Petitioner did file an application for state post-conviction relief, seeking to withdraw his guilty pleas and for leave to file an appeal out of time. Petition, p. 3. This application was denied on September 17, 2004. Petition, p. 3. Petitioner appealed, and the Oklahoma Court of Criminal Appeals affirmed on October 29, 2004. Case No. PC-2004-1044, Oklahoma Court of Criminal Appeals (Oct. 29, 2004) (Order Affirming Denial of Post-Conviction Relief) (attached to Petition, and as Ex. 4 to Relevant State Court Records).

## I. INTRODUCTION

In this action, Petitioner raises eight grounds for relief. In his first ground, Petitioner claims that Oklahoma's state post-conviction procedures are inadequate and ineffective to protect his federal constitutional rights. Petition, p. 7. In his second ground, Petitioner claims that his trial counsel was ineffective. Petition, p. 9-10. In his third ground, Petitioner claims that the trial court did not have jurisdiction because of his unlawful transfer from Garfield County to Woods County to Blaine County without a court order authorizing the sheriffs of those counties to either release or obtain custody of him during the pendency of his cases. Petition, p. 11. As his fourth ground for relief, Petitioner claims that the trial court erred in accepting his pleas of guilty without first informing him that it planned to impose a sentence in excess of the minimum. Petition, p. 12. As his fifth ground,[3] Petitioner claims that the state courts denied him due process by not conducting a hearing and by not complying with their own orders. Petition, p. 14. As his sixth ground for relief, Petitioner claims that in 1997, the state legislature defined which crimes could not be punishable by incarceration, and that Petitioner must be released to serve the rest of his sentence outside a prison setting. Petition, p. 15. As his seventh ground for relief, Petitioner claims that 1997 amendments to state law made parole consideration part of his sentence, and that the state parole board has failed to comply with its legislatively imposed duties. Petition, p. 16. Finally, as his eighth

---

[3]Petitioner's fifth ground is contained on that part of the habeas form designated "Ground Three," but it is clear from what goes before and from what follows that it is indeed his fifth ground for relief. Petition, p. 14.

ground for relief, Petitioner claims that the state improperly separated one continuous act into different counts, violating various constitutional provisions. Petition, p. 17.

## II. STANDARD GOVERNING PETITIONS FOR HABEAS CORPUS

For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413; see also Wiggins v. Smith, 539 U.S. 510, 520 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. Williams, 529 U.S. at 410-11; Valdez v. Bravo, 373 F.3d 1093, 1096 (10th Cir.), cert. denied, 125 S.Ct. 622 (2004).

## III. THE DOCTRINE OF PROCEDURAL DEFAULT

Respondent contends that Petitioner's state court procedural default bars federal habeas review of his claims. On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998). "'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995) (quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994)). "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id. (quoting Brecheen, 41 F.3d at 1353) (internal quotations omitted).

In Oklahoma, "post-conviction relief is reserved only for the rare set of circumstances where a particular claim 'could not have been raised on direct appeal.'" Brecheen, 41 F.3d at 1349 n. 4; see Okla. Stat. tit. 22, § 1086. Here, it is clear that the state courts applied this well-established procedural bar rule in denying review of Petitioner's procedurally-defaulted claims. The rule applied by the state district court and the Oklahoma Court of Criminal Appeals is thus independent of federal law. The Oklahoma Court of Criminal Appeals' procedural bar rule is generally an adequate state ground for refusing to review a prisoner's collateral claims that were not asserted in a

direct appeal from a conviction. <u>Odum v. Boone</u>, 62 F.3d 327, 331 (10th Cir. 1995); <u>Steele v. Young</u>, 11 F.3d 1518, 1521-1522 (10th Cir. 1993).

Petitioner can overcome the procedural bar only if he can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750. "'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him....'" <u>Steele v. Young</u>, 11 F.3d 1518, 1522 (10th Cir. 1993)(quoting <u>Coleman</u>, 501 U.S. at 753).

In reply, Petitioner contends that federal constitutional and jurisdictional claims are not subject to procedural bar, and that pleas do not waive jurisdictional defects. However, in Oklahoma, claims – including constitutional challenges – can indeed be waived by failure to raise them on direct review. <u>See e.g.</u> <u>Slaughter v. State</u>, 969 P.2d 990 (Okla. Crim. App. 1998). Moreover, contrary to Petitioner's statement, the doctrine of procedural default can also bar federal habeas review of constitutional claims. <u>Coleman v. Thompson</u>, 501 U.S. 722, 751 (1991) (Supreme Court "has long understood the vital interest served by federal procedural rules, even when they serve to bar federal review of constitutional claims" . . . and "[n]o less respect should be given to state rules of procedure"). The second half of this contention may be correct insofar as it goes, but none of Petitioner's claims go to the convicting court's jurisdiction.

Respondent recognizes, however, that Oklahoma's procedural bar rule is inadequate as to Petitioner's ineffective assistance of trial counsel claim. Response, p. 7 n. 2. In <u>English v. Cody</u>, 146 F.3d 1257 (10th Cir.1998), the Tenth Circuit held that a

6

procedural rule requiring an ineffective assistance claim to be raised on direct appeal can be adequate only if 1) the Petitioner had different trial and appellate counsel and 2) the ineffectiveness claim could have been resolved "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. In another case in which a petitioner pleaded guilty, and then failed to file a direct appeal, the Tenth Circuit held as follows with regard to the procedural default of an ineffective assistance of trial counsel claim:

> Ellis also raises an ineffective assistance claim on the merits. We have held that Oklahoma's procedural rule that ineffective assistance must be raised on direct appeal is not an adequate state ground barring federal review because the rule does not permit the defendant time to develop facts supporting his ineffective assistance claim. Oklahoma's procedural rule can bar consideration of ineffective assistance claims on habeas review in the limited circumstances where trial and appellate counsel differ and the ineffectiveness claim can be resolved on the trial record alone. These circumstances do not apply to Ellis' case, and thus Ellis' ineffective assistance claim is not procedurally barred. The district court correctly reviewed this claim on the merits, as well as considering ineffective assistance as "cause" for Ellis' procedural default.

Ellis v. Mullin, No. 01-6334, 2003 WL 40495, **4 (10th Cir. Jan. 3, 2003) (citations omitted), cert. denied 540 U.S. 900 (2003).[4] Based on the Ellis decision, as well as Respondent's concession, the undersigned finds Oklahoma's procedural rule to be inadequate with regard to Petitioner's ineffective assistance of counsel claim. Accordingly, the undersigned will address the merits of Petitioner's ineffective assistance of counsel claim together with the issue of whether ineffective assistance of counsel constitutes cause for the procedural default of his other claims.

---

[4]This and any other unpublished disposition are cited for persuasive authority pursuant to Tenth Circuit Rule 36.3.

**A. CAUSE FOR THE DEFAULT**

Petitioner claims that trial counsel "failed to confer with [him] or to allow a means for [him] to timely contact [counsel], in order to appeal the sentence." Petition, p. 9. Petitioner does not allege that he asked his attorney to seek an appeal and that his attorney refused, nor does he allege that he requested court-appointed counsel. Even if Petitioner was not otherwise aware of his appeal rights,[5] he has not shown that his retained counsel was ineffective for failing to contact him regarding the filing of an appeal. In Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000), the Court applied the standards of Strickland v. Washington, 466 U.S. 668 (1984) to a claim that trial counsel was ineffective in failing to file a notice of appeal for a petitioner who had pled guilty to second-degree murder. The Court then set forth a two-part test to determine when counsel has a constitutional duty to consult with a defendant about an appeal:

> We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, *a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.*

Id. at 480 (citations omitted) (emphasis added). Petitioner has made no showing that a rational defendant would have wanted to appeal from the conviction here, or that he did

---

[5]As will be discussed further below, the state district court found that Petitioner was advised of his right to appeal each case and sentence according to law. Relevant State Court Records, Ex. 2, p. 2 (Order Denying Petitioner's Aplication [sic] for Post-Conviction Relief).

in fact demonstrate to counsel that he was interested in appealing. The fact that Petitioner pleaded guilty to his offenses, combined with his failure to make either of the two required showings, leads the undersigned to find that Petitioner has failed to show ineffective assistance of counsel which would constitute cause for the procedural default of his claims.

With regard to claims of ineffective assistance unrelated to Petitioner's failure to appeal, a defendant generally waives all objections of a constitutional nature when he voluntarily and knowingly enters a plea of guilty, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); accord United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) (it is "well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). Under Tollett and Salazar, only ineffective assistance claims which would render Petitioner's plea involuntary would remain following a plea of guilty. See Leslie v. Abbott, No. 03-8098, 2004 WL 2603666 (10th Cir. Nov. 17, 2004), petition for cert filed (Feb. 15, 2005).

Although Petitioner makes several claims about his trial counsel's performance, none pertain to the voluntariness of his pleas.[6] "It is beyond dispute that a guilty plea

---

[6] Petitioner's other claims of ineffective assistance include that his attorney failed to properly prepare for trial; failed to file proper pretrial motions; failed to challenge the state's case, procedures, or search for evidence; failed to investigate and present mitigating facts and circumstances at the sentencing stage; failed to seek discovery of Brady materials; failed to interview possible alibi or defense witnesses;

9

must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992)(quoting North Carolina v. Alford, 400 U.S. 25, 31(1970)) (other citations omitted ). "The voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 (1970).  In a habeas proceeding "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from [the state court's] findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Parke, 506 U. S. at 35) (pre-AEDPA case)).

In the state district court's order denying post-conviction relief, the Court found that "the pleas and stipulations were voluntarily and knowingly entered as reflected by the record thereof" and that the Court "thereafter found a factual basis for the pleas and stipulations, that the pleas and stipulations were voluntarily and knowingly entered, and found Petitioner guilty of all thirteen (13) offenses." Relevant State Court Records, Ex. 2, p. 1. The Court went on to list the sentences received on each of the counts to which Petitioner pleaded guilty, and then noted that: "All eight (8) felony convictions and sentences and all five (5) misdemeanor convictions and sentences were to be served concurrently with one another.  Petitioner is in essence serving only one sentence and received a favorable plea agreement and consideration by the court." Id. at p. 2.

---

failed to review property record of crime scene or evidence; and failed to investigate mitigating facts or circumstances.  Petition, p. 9.

The state court's factual findings are entitled to a presumption of correctness unless Petitioner is able to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not made any showing which would draw into question the state district court's factual findings, much less a showing that would clearly and convincingly rebut those findings. Accordingly, the undersigned finds the findings to be correct. As such, Petitioner has failed to show that his trial counsel's ineffectiveness rendered his plea involuntary. Petitioner has not shown ineffective assistance of counsel that would either constitute cause for the default of his remaining claims or that would in and of itself support a claim for habeas relief.

The undersigned has also considered Petitioner's claim that <u>Brady</u> material was withheld as potential cause for his default. Petition, p. 10; Relevant State Court Records, Ex. 1 (Sworn Affidavit, p. 1 ¶ 2). However, the <u>Brady</u> material referenced by Petitioner is "unpublished cases" and "legislative deffenations (sic) of crime." Relevant State Court Records, Ex. 1 (Sworn Affidavit, p. 1 ¶ 2). However, <u>Brady</u> pertains to the State's obligation to disclose exculpatory *evidence*. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). Neither case law – reported or otherwise – nor legislative material is "evidence," which is defined as "Something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact" <u>Black's Law Dictionary</u> (8th ed. 2004) (Westlaw). Moreover, courts have also found that a petitioner's pro se status and lack of knowledge

about the law do not demonstrate cause for excusing a procedural default. <u>Klein v. Neal</u>, 45 F.3d 1395, 1400 (10th Cir. 1995) (habeas petitioner's assertions that he was not a lawyer and was unaware of existence of state statute of limitations for collateral attack on felony convictions were insufficient as a matter of law to constitute cause for default so as to override procedural bar); <u>Watson v. New Mexico</u>, 45 F.3d 385, 388 (10th Cir. 1995) (petitioner's basic ignorance of the rules or the law is not an "external factor" sufficient to establish "cause" in procedural default context).

Petitioner contends that the Oklahoma Court of Criminal Appeals has "expressly overruled" Respondent's arguments because it mandates that the trial court appoint counsel and conduct a hearing in post-conviction proceedings. Petitioner's Reply, p. 2. The case cited by Petitioner is <u>Williams v. State</u>, 87 P.3d 620 (Okla. Crim. App. 2004). Although in <u>Williams</u> the Oklahoma Court of Criminal Appeals did, in its order on remand, direct the lower court to give the petitioner in that case the opportunity to retain counsel (or have counsel appointed), there is nothing in the case which establishes an across-the-board right to a hearing and/or to counsel in Oklahoma post-conviction proceedings.[7]

---

[7]In his reply, Petitioner also cites, without elaboration, two new Supreme Court decisions. Petitioner's Reply, p. 1. However, neither decision appears to have any relevance to Petitioner's claims. In <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), the Supreme Court invalidated a state sentence because it was based on a factor which increased the penalty beyond the prescribed statutory maximum and the factor had not been admitted or found by a jury. 124 S. Ct. 2531, 2536- 40, 2543 (2004). In this case, Petitioner pleaded guilty, and thus waived his right to have a jury determine either his guilt or his sentence. The second case, <u>Crawford v. Washington</u>, 124 S.Ct. 1354 (2004), is equally inapplicable to Petitioner's claims. In <u>Crawford</u>, the Supreme Court held that a testimonial, out-of-court statement by a witness is barred under the Confrontation Clause unless the witness is unavailable and defendant had a prior opportunity to cross-examine, regardless of whether the statement is deemed reliable by the court. Petitioner makes no effort to show how this case pertains to his habeas petition, and none is apparent to the undersigned.

In light of the foregoing, the undersigned finds that Petitioner cannot show cause for his procedural default. Accordingly, there is no need to consider the prejudice element. Steele v. Young, 11 F.3d 1518, 1522 n. 7 (10th Cir. 1993).

As Petitioner cannot show cause that will excuse his state default, he must show that a fundamental miscarriage of justice will occur if the Court does not consider his claim here. Coleman, 501 U.S. at 750. The fundamental miscarriage of justice exception is, however, "an extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "To prevail, [Petitioner] must identify evidence that affirmatively demonstrates his innocence." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999). Petitioner has wholly failed to identify evidence which affirmatively demonstrates his innocence. Thus, the undersigned finds that Petitioner has failed to demonstrate actual innocence, and habeas review of his claims herein is procedurally barred.

## RECOMMENDATION

For these reasons, the undersigned recommends that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 4, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th

Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 14th day of March, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE