IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON B. HUGHES, | ) |
| | ) |
|          **Petitioner** | ) |
| | ) |
| vs. | )   Case No. CIV-04-1667-M |
| | ) |
| WARDEN BECK, | ) |
| | ) |
|          **Respondent** | ) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been re-referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that relief be denied as to Ground Three and therefore that the petition be denied.

By this action, Petitioner challenges his convictions pursuant to his pleas of guilty in five cases from the District Court of Garfield County.[1] In Case No. CF-2003-307, Petitioner pleaded guilty to assault and battery with a dangerous weapon, and was sentenced to eight years imprisonment. In CF-2003-138, Petitioner entered a plea of guilty to possession of a controlled dangerous substance and public intoxication; he was sentenced to eight years imprisonment on the first charge, and thirty days incarceration on the second. In CM-2002-723, Petitioner pleaded guilty to driving under the influence of alcohol, driving with a suspended license, resisting an officer, and escape from arrest

---

[1] The facts regarding Petitioner's convictions and sentences are taken from the Order Affirming Denial of Post-Conviction Relief, Case No. PC-2004-1044, Oklahoma Court of Criminal Appeals (Oct. 29, 2004) (attached to Petition and as Ex. 4 to Relevant State Court Records).

or detention, and was sentenced to one year incarceration on all four charges. In CF-2000-295, Petitioner entered a plea of guilty to second degree burglary of an automobile, second degree burglary, and second degree burglary, all after acceleration of previous deferred sentencing and probation; Petitioner was sentenced to seven years imprisonment on each charge. In CF-2000-75, Petitioner pleaded guilty to assault with a dangerous weapon, knowingly concealing stolen property, and knowingly concealing stolen property, all after acceleration of previous deferred sentencing and probation; Petitioner was sentenced to eight years imprisonment on the first charge, and five years imprisonment on each of the second two. All sentences were ordered to be served concurrently with one another. Petitioner did not file a direct appeal. Petition, p. 2. However, Petitioner did file an application for state post-conviction relief, seeking to withdraw his guilty pleas and for leave to file an appeal out of time. Petition, p. 3. This application was denied on September 17, 2004. Petition, p. 3. Petitioner appealed, and the Oklahoma Court of Criminal Appeals affirmed on October 29, 2004. Case No. PC-2004-1044, Oklahoma Court of Criminal Appeals (Oct. 29, 2004) (Order Affirming Denial of Post-Conviction Relief) (attached to Petition, and as Ex. 4 to Relevant State Court Records).

## I. PROCEDURAL POSTURE

In this action, Petitioner initially raised eight grounds for relief, but only one of these grounds remains for consideration. In his third ground, Petitioner claims that the trial court did not have jurisdiction because of his unlawful transfer from Garfield County to Woods County to Blaine County without a court order authorizing the sheriffs of those

counties to either release or obtain custody of him during the pendency of his cases. Petition, p. 11.

On March 14, 2005, the undersigned entered a Report and Recommendation recommending that the petition be denied. [Doc. No. 18]. In an order dated May 3, 2005, Judge Miles-LaGrange adopted that Report and Recommendation as to grounds one, two, four, five, six, seven and eight, but recommitted the matter "for preparation of a Supplemental Report and Recommendation analyzing in further detail only Petitioner's third ground for relief." [Doc. No. 21]. Judge Miles-LaGrange left it to the undersigned's discretion as to whether to request additional briefing before preparing this Supplemental Report and Recommendation, and after consideration of the issue, the undersigned has determined that additional briefing is not necessary.

## II.  PETITIONER'S THIRD GROUND FOR RELIEF

As his third ground for relief, Petitioner claims that he "was in effect transfered [sic] out of state custody without leaving the territorial boundaries of the state," Petition, p. 11, "[d]epriving trial courts of juridiction [sic] by unlawful transfer from Garfield County to Woods County Sheriff and jail, then to Blaine County Sheriff and jail without Due Process of a Court Order authorizing the Sheriff of Garfield County to release custody." Id. He claims that "[s]uch release from custody of Garfield County deprived Trial Court of jurisdiction and state waived right to try him, and denied Petitioner due process and Equal Protection of laws, losing/waiving custody in this case." Petition, p. 11.  He further claims that "[s]uch a release from custody of Garfield County deprived Trial Court jurisdiction; Therefore Post-Conviction Relief should have been granted." Petition, p. 11.  Petitioner

also refers the Court to "#3 of Sworn Affidavit, attached to post-conviction, in support of this claim," wherein he states:

> While I was in Garfield County Jail, I was transferred over to Woods County Jail in Alva O.K. Then latter transferred back to Garfield County for cort hearings. After that I was transferred out to Blaine county jail in Watonga O.K., & I was never arrested nor did I have any charges pending in either of those counties & there was never any cort order authorizing any of these transferres. Souch transferres distroyed abilities to communicate with my attorney in order develop a defense for the charges in Garfield County. Nor was there ever a cort order to transfer me from Blaine County to Garfield for trial & At no time was I Allowed to appeal or object to souch actions.[2]

Sworn Affidavit of Jason B. Hughes, p. 1 (Apr. 19, 2004) (attached to Application for Post-Conviction Relief, included in Relevant State Court Records as Ex. 1).

### III. THE DOCTRINE OF PROCEDURAL DEFAULT

As noted in the previous Report and Recommendation, it is Respondent's contention that Petitioner's state court procedural default bars federal habeas review of his claims. On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice. Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998). "'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995) (quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994)). "'A state court's finding is deemed to be adequate

---

[2]All errors appear in original.

if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id. (quoting Brecheen, 41 F.3d at 1353) (internal quotations omitted).

In Oklahoma, "post-conviction relief is reserved only for the rare set of circumstances where a particular claim 'could not have been raised on direct appeal.'" Brecheen, 41 F.3d at 1349 n. 4; see Okla. Stat. tit. 22, § 1086. Here, it is clear that the state courts applied this well-established procedural bar rule in denying review of Petitioner's procedurally-defaulted claims. The rule applied by the state district court and the Oklahoma Court of Criminal Appeals is thus independent of federal law. The Oklahoma Court of Criminal Appeals' procedural bar rule is generally an adequate state ground for refusing to review a prisoner's collateral claims that were not asserted in a direct appeal from a conviction. Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995); Steele v. Young, 11 F.3d 1518, 1521-1522 (10th Cir. 1993). However, Oklahoma courts have consistently held that issues of subject matter jurisdiction are not waived by failing to raise them on direct appeal. See, e.g., Wallace v. State, 935 P.2d 366, 372 (Okla. Crim. App. 1997). Thus, a state post-conviction determination that a petitioner had defaulted a subject matter jurisdiction claim by not raising it on direct appeal would not represent an adequate state procedural bar and, therefore, would not preclude federal habeas review. Sack v. Champion, No. 97-7017, 1998 WL 3280, **1 (10th Cir. Jan. 7, 1998) (citing Johnson v. Mississippi, 486 U.S. 578, 587 (1988)).[3]

In reply to Respondent's contention that his claims are procedurally barred, Petitioner argued that jurisdictional claims are not subject to procedural bar and that

---

[3]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

pleas do not waive jurisdictional defects. The undersigned acknowledged the general correctness of this statement, but found that "none of Petitioner's claims go to the convicting court's jurisdiction." Report and Recommendation, p. 6.  Judge Miles-LaGrange found, however, that Petitioner's third ground for relief does constitute a challenge to the convicting court's jurisdiction, and thus declined to adopt the undersigned's recommendation that ground three be denied as procedurally barred "at least in the absence of any further analysis." Order, p. 2. For the reasons set forth below, the undersigned finds that although Petitioner has couched his third ground for relief as one challenging the jurisdiction of the trial court, his claim does not in fact implicate any elements of the trial court's subject matter jurisdiction. Accordingly, the claim is subject to procedural default and it is recommended that relief on that ground be denied as procedurally barred.

As noted above, Oklahoma courts have held that issues of *subject matter* jurisdiction are not subject to procedural default. Wallace, 935 P.2d at 372-373. It is axiomatic that a trial court's jurisdiction consists both of jurisdiction of the parties and jurisdiction of the general subject matter, In re Anderson, 803 P.2d 1160, 1163 (Okla. Crim. App. 1990), and Oklahoma courts have followed the time-honored distinction between the vesting of subject matter jurisdiction upon the trial court – which cannot be waived – and the obtaining of in personam jurisdiction over a person, which may be waived if no objection is made. Buis v. State, 792 P.2d 427, 428 (Okla. Crim. App. 1990). For example, a court may acquire jurisdiction over the person of the defendant by his voluntary appearance. Id. (quoting Albrecht v. United States, 273 U.S. 1, 8 (1927).

In <u>Buis</u>, the Oklahoma Court of Criminal Appeals dealt with the issue of how the subject matter of the district courts is invoked in criminal cases. The defendant in that case appealed his convictions, and they were affirmed. <u>Buis</u>, 792 P.2d at 428. However, over a month later, the defendant filed a petition for rehearing, asking the Oklahoma Court of Criminal Appeals "to reconsider its opinion and determine if an unverified Uniform Violations Complaint, which in this case served as the Information charging the crimes, confers subject matter jurisdiction upon the trial court." <u>Id.</u> The Court granted rehearing, vacated its original opinion, and reversed the convictions, finding that the defect in the information "did not confer authority for the trial court to act." <u>Id.</u>

In reaching that decision, the Court first noted that it was dealing with a matter of subject matter jurisdiction which could not be waived. <u>Id.</u> It then stated:

> This opinion addresses the initial vesting of the trial court with subject matter jurisdiction through the filing of an information which complies with the constitution and statutory requirements. We recognize the district court, in our unified court system, is a court of general jurisdiction and is constitutionally endowed with "unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article,". Article 7, Section 7, Oklahoma Constitution. However, this "unlimited original jurisdiction of all justiciable matters" can only be exercised by the district court through the filing of pleadings which are sufficient to invoke the power of the court to act.
> . . .
>
> We determine that the mandatory language of 22 O.S.1981, § 303, requiring endorsement by the district attorney or assistant district attorney and verification of the information is more than merely a "guaranty of good faith" of the prosecution. It, in fact, is required to vest the district court with subject matter jurisdiction, which in turn empowers the court to act. ... Only by the filing of an information which complies with this mandatory statutory requirement can the district court obtain subject matter jurisdiction in the first instance which then empowers the court to adjudicate the matters presented to it.

Buis, 792 P.2d at 428-29, 430-31; accord Cummings v. State, 968 P.2d 821, 831 (Okla. Crim. App. 1998).  Six years later, the Oklahoma Court of Criminal Appeals was faced with the issue of whether a failure to allege every material element of a crime in the information was fatal to jurisdiction.  Parker v. State, 917 P.2d 980, 985 (Okla. Crim. App. 1996).  Concluding that it was not, the Court stated:

> Jurisdiction is conferred on the trial court by the commission of a public offense where venue properly lies in that trial court. 22 O.S.1991, §§ 121-136. Thus, a trial court's jurisdiction is triggered by the filing of an Information alleging the commission of a public offense with appropriate venue. Therefore, this Court concludes that any failure to allege facts constituting the offense raises due process questions but does not affect the trial court's jurisdiction.

Id. (footnote omitted); accord Darks v. State, 954 P.2d 152, 157 (Okla. Crim. App. 1998) (trial court's jurisdiction triggered by filing Information alleging commission of public offense with appropriate venue); see also Lynch v. State, 909 P.2d 800, 803 (Okla. Crim. App. 1995) (verification and endorsement of the original information are all that is necessary to confer jurisdiction on the trial court).  Given these requirements for subject matter jurisdiction over a criminal case, it is clear that Petitioner's allegations regarding his pretrial custody transfers do not call into question the trial court's subject matter jurisdiction over his case. Because Oklahoma courts consistently bar nonjurisdictional post-conviction claims that could have been, but were not, raised on direct appeal, the Oklahoma courts did not err in concluding that this claim was procedurally barred, based upon an adequate state law ground.

  The undersigned has carefully reviewed the authority submitted by Petitioner on this point in his objection to the previous Report and Recommendation, and finds that

none of it compels a different conclusion. <u>Menna v. New York</u>, 423 U.S. 61, 63 (1975) (defendant, by pleading guilty, did not waive right to claim that indictment should have been dismissed under double jeopardy clause of the Fifth Amendment to the United States Constitution); <u>Gibbons v. Territory</u>, 115 P. 129, 133 (Okla. Crim. App. 1911) (grand jury that returned indictment in case was illegally constituted, and its acts therefore void; no act of defendant could confer subject matter jurisdiction upon trial court to try case upon void indictment); <u>Bumpus v. State</u>, 925 P.2d 1208, 1211 (Okla. Crim. App. 1996) (where defendant based guilty plea upon invalid promise of suspended sentence, defendant must be given opportunity to either have judgment and sentence set aside by the withdrawal of plea of guilty and face retrial, or face immediate execution of suspended portion of sentence); <u>Ex parte Drake</u>; 2 P.2d 978, 979 (Okla. Crim. App. 1931) (where municipal judge assesses fine or imprisonment against accused for violation of municipal ordinance without written verified complaint he is without jurisdiction, and accused is entitled to be released on habeas corpus); <u>Wickline v. City of Oklahoma City</u> 791 P.2d 819, 820 (Okla. Crim. App. 1990) (endorsement by the prosecutor is a jurisdictional requirement that cannot be waived); <u>Buis v. State</u>, 792 P.2d 427 (Okla. Crim. App. 1990) (Only filing of information which complies with mandatory statutory requirement can confer subject matter jurisdiction on the district court in first instance which then empowers court to adjudicate matters presented to it). Petitioner also cites the Oklahoma Constitutional provision which requires, inter alia, that in "all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed or, where uncertainty

exists as to the county in which the crime was committed, the accused may be tried in any county in which the evidence indicates the crime might have been committed." Okla. Const. Art. 2, § 20. However, this does not support Petitioner's claim that his pretrial detention transfers deprived the trial court of jurisdiction.

In summary, the undersigned finds that the claims raised by Petitioner in ground three of the petition do not challenge the subject matter jurisdiction of the trial court, and that they are therefore subject to procedural default under Oklahoma law. Accordingly, the undersigned recommends denial of relief on ground three as procedurally barred.

## **RECOMMENDATION**

For these reasons, the undersigned recommends that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 1, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 11th day of May, 2005.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE